**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| EUGENE CLIFFORD, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 2:14-cv-03019-JPM-dkv |
| MRS BPO, LLC dba MRS ) | |
| ASSOCIATES, ) | |
| Defendant. ) | |
| ) | |

**ORDER GRANTING DEFENDANT, MRS BPO, LLC'S, MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Before the Court is Defendant, MRS BPO, LLC's, Motion to Dismiss Plaintiff's Amended Complaint, filed February 12, 2015. (ECF No. 12.) Plaintiff Eugene Clifford filed a Response on February 24, 2015. (ECF No. 13.)

On April 2, 2015, the Court held a Telephonic Motion Hearing attended by counsel for the parties. (ECF No. 21.) On April 10, 2015, the Court Granted Plaintiff's Motion to Amend Complaint. (ECF No. 23.)

For the reasons stated below, Defendant's Motion is GRANTED. In resolving Defendant's Motion to Dismiss, the Court has considered the facts as alleged in Plaintiff's Amended Complaint as amended by Plaintiff's Motion to Amend Complaint (hereinafter referred to as "Second Amended Complaint") and

those additional facts alleged by Plaintiff's Counsel, William A. Cohn, on the record during the Telephonic Motion Hearing.

**I.   BACKGROUND**

    **A.   Factual Background**

This case concerns whether Defendant MRS BPO, LLC ("MRS") violated the Fair Debt Collection Practices Act ("FDCPA") by contacting a third party. MRS is incorporated and headquartered in New Jersey and is registered to do business in Tennessee. (Am. Compl. ¶ 2, ECF No. 11.) At some time before November 26, 2014, MRS attempted to collect a debt from Plaintiff Eugene Clifford by calling the telephone number (901) 858-9118. (Id. at ¶ 3.) The telephone number, however, belonged to William A. Cohn, a lawyer with experience in debt collections. (Id. at ¶ 5.) According to Mr. Cohn, MRS contacted him with a local number and left a message stating that the call was from MRS with regard to a personal business matter. (ECF No. 22 at 7:9-16.) Mr. Cohn then called the number, where MRS stated who they were, where they were located, and that they were trying to contact Eugene Clifford regarding a personal business matter. (Id. at 8:10-18.) The call was not recorded. (Id. at 6:8-9.) Mr. Cohn began representing Plaintiff sometime after this phone call. (See id. at 6:1-4.)

**B. Procedural Background**

On November 26, 2014, Plaintiff Clifford filed his original complaint in the Court of General Sessions of Shelby County, Tennessee. (ECF No. 12-1 at 2.) MRS removed the suit to the United States District Court for the Western District of Tennessee on December 29, 2014. (ECF No. 1.) MRS filed a Motion for a More Definite Statement regarding Plaintiff's complaint on January 5, 2015. (ECF No. 9.) The Court granted the Motion for a More Definite Statement on February 2, 2015. (ECF No. 10.)

On February 7, 2015, Clifford filed an Amended Complaint and More Definite Statement. (ECF No. 11.) The Amended Complaint alleged that: (1) MRS utilized deceptive practices, including the use of a local telephone number, to try and contact Plaintiff; (2) MRS was negligent and failed to conduct its due diligence to determine Plaintiff's contact information; and (3) MRS violated the FDCPA by representing through its "conduct and actions" that it was trying to collect a debt from Plaintiff when it contacted Mr. Cohn, a third party. (Id. at ¶¶ 4—8.)

On February 12, 2015, MRS filed a Motion to Dismiss Plaintiff's Amended Complaint. (ECF No. 12.) The Motion to Dismiss asserts (1) that Plaintiff failed to allege a proper FDCPA claim; (2) that the FDCPA does not prohibit the use of a

3

local telephone number when placing collection calls; (3) that the FDCPA does not prohibit calls to third parties; and (4) that Plaintiff has not alleged facts to support the claim that MRS told a third party that it was trying to collect a debt from Plaintiff. (ECF No. 12-1 at 2.) On February 24, 2015, Plaintiff filed a Motion to Amend Complaint, which proposed certain amendments to the Amended Complaint (ECF No. 11). (ECF No. 13.)

On April 2, 2015, the Court held a Telephonic Motion Hearing regarding MRS's Motion to Dismiss and Plaintiff's Motion to Amend Complaint. (ECF No. 21.) On April 7, 2015, the court reporter filed a Notice of Filing of Official Transcripts of Telephonic Motion Hearing held on April 2, 2015. (ECF No. 22.) On April 10, 2015, the Court granted Plaintiff's Motion to Amend Complaint. (ECF No. 23.) As of the date of this Order, Plaintiff has yet to file a subsequent complaint incorporating the modifications that were proposed in Plaintiff's Motion to Amend Complaint (ECF No. 13). Although a revised Amended Complaint has not been filed with the Court, this Order will refer to the Amended Complaint as amended by Plaintiff's Motion (ECF No. 13) as the "Second Amended Complaint."

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Motion to Dismiss

Under Rule 12(b)(6), a court can dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

> In assessing a complaint for failure to state a claim, [a court] must construe the complaint in the light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

Ouwinga v. Benistar 419 Plan Servs., Inc., 694 F.3d 783, 790 (6th Cir. 2012) (second alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "This standard is not akin to a probability requirement, but it asks for more than a sheer possibility that defendant has acted unlawfully." Williams v. Duke Energy Int'l, 681 F.3d 788, 799 (6th Cir. 2012) (quoting Iqbal, 556 U.S. at 678) (internal quotation marks omitted).

The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n

5

Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (alteration in original) (citation omitted) (internal quotation marks omitted); see also Mik v. Fed. Home Loan Mortg. Corp., 743 F.3d 149, 157 (6th Cir. 2014) ("[A] complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007))). "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in [a] skeletal way, leaving the court to put flesh on its bones." El-Moussa v. Holder, 569 F.3d 250, 257 (6th Cir. 2009) (alteration in original) (internal quotation marks omitted).

Although courts "[g]enerally, at the motion-to-dismiss stage, . . . consider only the plaintiff's complaint," In re Omnicare, Inc. Securities Litigation, 769 F.3d 455, 466 (6th Cir. 2014), in the interest of judicial economy, the Court will consider the allegations set forth in the Second Amended Complaint (ECF No. 13) and those factual allegations stated on the record during the Telephonic Motion Hearing on April 2, 2015 (ECF Nos. 21-22) -- construing all such allegations in the light most favorable to Plaintiff.[1]

---

[1] Plaintiff did not object to the Court's indication that it would consider the statement of facts stated on the record during the Telephonic Motion Hearing. (See ECF No. 22 at 17:12-24.)

**III. ANALYSIS**

In order to establish a claim for damages under the FDCPA: "(1) [the] plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise[] out of transactions which are 'primarily for personal, family or household purposes;' (3) [the] defendant must be a 'debt collector' as defined by the Act;" and (4) the defendant must have violated one of the FDCPA's substantive provisions. Wallace v. Washington Mut. Bank, F.A., 683 F.3d 323, 326 (6th Cir. 2012) (internal quotation marks and citations omitted); 15 U.S.C. § 1692k.

MRS challenges the sufficiency of Clifford's Amended Complaint on the following grounds: 1) Clifford has failed to allege that "the underlying debt was for personal, family, or household purposes;" 2) Clifford has failed to allege that Defendant is a debt collector; 3) Clifford has failed to allege sufficient facts to show that MRS communicated with a third party "in connection with the collection" of a debt. (ECF No. 12 at 4-8.)

In the Second Amended Complaint (ECF No. 13), Clifford added the following allegations:

> The defendant is a debt collector as that term is used in the *Fair Debt Collection Practices Act, 15 USC 1692 et seq.*
>
> The plaintiff had not started a business at the time of the call and had no business debts. The debt which the defendant was attempting to collect from the

7

> plaintiff could only have been, and was in fact, a
> consumer debt or a debt for personal, family, or
> household purposes.

(ECF No. 13 at 1.) It was further revealed at the Telephonic Motion Hearing that MRS identified itself as MRS Associates Financial Service Company in its statements to Mr. Cohn. (ECF No. 22 at 7:12-13, 8:13-14.) In the aggregate, Plaintiff has alleged sufficient facts that the underlying debt was a consumer debt and that Defendant was a debt collector at the time of the phone call. Consequently, the remaining issue before the Court is whether Clifford has alleged sufficient facts to show that MRS violated one of the substantive provisions of the FDCPA.

### A. 15 U.S.C. § 1692c(b)

In the Second Amended Complaint, Clifford alleges MRS violated § 1692c(b) of the FDCPA. (ECF No. 13 at 1-2.) Under § 1692c(b), "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

The question raised in the instant case is what standard applies to the determination of whether the content of a "communication" as defined in the FDCPA is "in connection with the collection of any debt" in violation of § 1692c(b). The FDCPA defines "communication" as "the conveying of information

regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2).

MRS argues that a debt collector does not violate § 1692c(b) where there is no evidence to establish that the debt collector discussed or referenced the debt in its communication with the third party. (See ECF No. 8.) In support of its argument, MRS relies on Horkey v. J.V.D.B. & Associates, Inc., 179 F. Supp. 2d 861, 868 (N.D. Ill. 2002). In Horkey, the district court considered whether a debt collector asking a debtor's co-worker if the debtor was available violated § 1692c(b). 179 F. Supp. 2d at 867-68. The district court found that merely inquiring into the debtor's whereabouts was insufficient to establish a claim under § 1692c(b). Id. at 868.

Clifford argues that the term "communication" should be construed broadly. (ECF No. 14 at 2.) Clifford asserts, "Communication is the total of what is said by the debt collector, what the person receiving the communication knows at that time, and what the person receiving the communication perceives to be the message." (Id.) Clifford concludes that because Mr. Cohn was able to infer that the phone call was from a debt collector regarding a consumer debt, MRS "communicated" with Mr. Cohn in violation of § 1692c(b).

The Court finds that the proper standard for determining whether a communication is in violation of § 1692c(b) lies

9

somewhere in between the parties' positions. Given the broad language of § 1692c(b) and the remedial nature of the FDCPA, a requirement that the debt collector make an explicit reference to a consumer debt would result in a standard stricter than that intended by Congress. See Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006) ("Because the FDCPA is a remedial statute, . . . we construe its language broadly, so as to effect its purpose . . . ."); Clark v. Capital Credit & Collection Servs., Inc., 460 F.3d 1162, 1176 (9th Cir. 2006); Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002). The plain language of § 1692a(2), however, requires the conveyance of some information regarding the underlying debt beyond merely inquiring into the availability of the debtor. See Horkey, 179 F. Supp. 2d at 868. It is not the purpose of the FDCPA to punish debt collectors who merely called a third party by mistake and the third party was able to surmise that the call was from a debt collector. Therefore, to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege the conveyance of some specific information regarding the underlying debt.

In the instant case, Clifford has failed to allege facts that show MRS's contact with Mr. Cohn was anything more than an inquiry into Clifford's availability. The extent of Clifford's allegations as to the content of the statements made by MRS to

Mr. Cohn are as follows: First, Clifford, through his counsel Mr. Cohn, alleges that MRS called Mr. Cohn and left a voicemail in which MRS identified itself as MRS Associates Financial Service Company and stated that the call was with regard to a "personal business matter." (ECF No. 22 at 7:12-16.) Second, during Mr. Cohn's return call, MRS identified itself as MRS Associates Financial Service Company and stated that "they were trying to get in touch with Eugene Clifford because it was a personal business matter." (ECF No. 22 at 8:10-18.) When Mr. Cohn asked whether MRS was a local company, MRS further stated that it was located in New Jersey. (Id. at 8:14-15.) Significantly, Clifford and Mr. Cohn do not allege that MRS discussed the content or the existence of a consumer debt with Mr. Cohn. Having failed to allege the conveyance of any specific information regarding the underlying debt, Clifford's pleadings fail to state a facially plausible claim under § 1692c(b). See Iqbal, 556 U.S. at 678.

Furthermore, even if a small amount of information regarding collection of Clifford's debt was impliedly conveyed to Mr. Cohn, as Clifford suggests, the FDCPA expressly allows for calls to third parties in order to locate a debtor. See 15 U.S.C. § 1692b (allowing a "debt collector [to communicate] with any person other than the consumer for the purpose of acquiring location information about the consumer" given certain

conditions). The statements made by MRS to Mr. Cohn appear on their face to be nothing more than an effort to locate Clifford.

Accordingly, the Court DISMISSES all of Plaintiff's claims under 15 U.S.C. § 1692c(b).

**B.   15 U.S.C. § 1692d**

In the Second Amended Complaint, Clifford alleges MRS also violated 15 U.S.C. § 1692d(6). Under § 1692d:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . . .
>
> Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

§ 1692d(6). During the Telephonic Motion Hearing, Mr. Cohn admitted that MRS identified itself as MRS Associates Financial Service Company to Mr. Cohn in the voicemail and during the phone conversation between Mr. Cohn and MRS. (ECF No. 22 at 7:12-13, 8:13-14.) Consequently, Clifford has failed to state a claim on which relief can be granted under § 1692d.

Accordingly, the Court DISMISSES Plaintiff's § 1692d claims.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 12) is GRANTED. Plaintiff has been given multiple opportunities to amend his Complaint in order to state a claim under the FDCPA for which relief could be granted, but has failed to do so. Accordingly, this case is DISMISSED WITH PREJUDICE.

**IT IS SO ORDERED**, this 22nd day of April, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT JUDGE